DONALD G. STONE                                         HONORABLE LONNY R. SUKO
ANDREW J. MITCHELL
PAINE HAMBLEN LLP
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
(509) 455-6000
(509) 838-0007 Facsimile

STUART G. MONDSCHEIN
WHEELER, VAN SICKLE & ANDERSON, S.C.
25 West Main Street, Suite 801
Madison, Wisconsin 53703-3398
(608) 255-7277
(608) 255-6006 Facsimile

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| T&D DAIRY, LLC, a Washington limited liability company; TOM VAN RUITEN and DONNA VAN RUITEN, husband and wife<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFICORP, d/b/a PACIFIC POWER, a foreign corporation<br><br>Defendant. | No. CV-09-3038-LRS<br><br>**PROTECTIVE ORDER** |

PROTECTIVE ORDER - PAGE 1

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

This Protective Order is entered pursuant to FRCP 26(c). The parties have stipulated and agreed, and the Court recognizes, that the parties and non-party witnesses to this action may possess private, confidential customer and/or proprietary information, which may be subject to discovery in this action, but which should not be made available to competitors or to the public generally.

Accordingly, IT IS HEREBY ORDERED as follows:

Discovery in this case shall be governed by this protective order as follows:

1. Definitions of terms used in this Protective Order ("Protective Order") are:

(a) "Proceeding" means the matter captioned *T&D Dairy, LLC, a Washington Limited Liability Company, Tom Van Ruiten and Donna Van Ruiten, husband and wife, Plaintiffs, v. PacifiCorp, d/b/a Pacific Power, a foreign corporation, Defendants.*

(b) "Confidential" refers to confidential and/or proprietary information of the parties herein.

(c) "Document" refers to any record, book, pamphlet, periodical, letter, report, memorandum, notation, message, telegram, cable, record, study, working paper, file, chart, graph, photograph, film, index, tape, correspondence, record of purchase or sale, contract, agreement, lease,

invoice, e-mail, electronic or other transcriptions or taping of telephone or personal conversations or conferences, or any and all other written, printed, typed, punched, taped, filmed, or graphic matter, or tangible thing, however produced or reproduced.

2. A party (including any non-party to the Proceeding) producing documents in connection with this proceeding, may designate such documents as "Confidential" by stamping or typing the designation on the face of the documents produced. If a party inadvertently produces documents that bear an improper designation, the producing party may redesignate such documents by providing written notice to the receiving party within seven days of discovering the inadvertent production. Upon receiving such written notice, the receiving party shall treat the documents according to the new designation.

3. Deposition testimony or other testimony may be designated "Confidential" either before the testimony is given, at the time the testimony is given, or within thirty days of receipt of the transcript. The transcript of the designated testimony shall be bound in a separate volume and marked by the court reporter with the appropriate legend as directed by the designating party.

4. Documents designated "Confidential" shall not be disclosed or used for any purpose other than the defense, prosecution or settlement of this Proceeding.

5. "Confidential" documents may be seen only by:

    (a)    This Court and its personnel;

    (b)    each party's attorneys and the staff of those attorneys;

    (c)    independent experts and consultants, including experts or consultants who are not retained or are not expected to testify (Pursuant to Paragraph 6 of this Protective Order);

    (d)    court reporters, videographers, commercial copy services, translators, demonstrative exhibit preparers, trial consultants, and data and computer support organizations hired by and assisting the attorneys for any party;

    (e)    Any person from whom testimony is taken, where such person was an author or a recipient of the designated document or where counsel for the designating party has, either before or during the deposition, approved the disclosure of such documents to that person, except that such person may not retain any such documents; and

    (f)  the individual parties and officers, directors or employees (and former officers, directors and employees) of any party. Neither the "Confidential" documents nor the information contained therein shall be disclosed to any other persons. "Confidential" documents may be shown only to the above-described people or entities when disclosure of the documents is necessary for purposes of this Proceeding and the disclosing party has obtained written agreement, in the form attached hereto as <u>Exhibit A</u> for individuals and <u>Exhibit B</u> for organizations, by the person or entity receiving the disclosure to be bound by this Protective order and to consent to the jurisdiction of the United States District Court of the Eastern District of Washington for purposes of enforcing this Protective Order. The people listed in paragraph 5(b) shall be bound by the terms of this protective order, by counsel's signature on this    stipulation and Protective Order.

  6. "Confidential" documents may only be shown or provided to experts and consultants by counsel upon such counsel obtaining a written agreement, in the form attached hereto as <u>Exhibit A</u> from individuals and <u>Exhibit B</u> from organizations, wherein such individual(s) or organization(s) agree to be bound by this Protective Order and to consent to the jurisdiction of the United States District

Court for the Eastern District of Washington for purposes of enforcing this Protective Order. Such experts and consultants may use such Confidential documents and the information contained therein to furnish technical or other expert services or to give testimony, or otherwise to assist in trial preparations for purposes of this Proceeding and for no other purpose, and such experts and consultants may not disseminate or disclose such confidential documents or the information contained therein to others.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents or portions of documents obtained by such party independent of discovery from a party in this action, whether or not such documents or portions of documents are also obtained through discovery in this action, or from disclosing its own "Confidential" documents or portions of documents as it deems appropriate. Nor shall this Protective Order restrict the use or disclosure of documents or portions of documents that: (a) are in the public domain at the time of the use or disclosure; (b) become part of the public domain after the time of the use or disclosure, through no fault of the receiving party; (c) were received from a third party who was under no obligation of confidentiality to the party that produced the documents; or (d) are derived or obtained independent

of the use or disclosure. The receiving party shall have the burden of proving that the use of disclosure satisfies one or more of these criteria.

8. If any party or individual who has received documents designated as "Confidential" is served with a subpoena or other judicial process demanding the production or disclosure of such documents, the receiving party or individual: (a) shall provide all parties to this Proceeding with a copy of such subpoena or other judicial process within ten days following receipt thereof; (b) shall inform the subpoenaing party that the requested documents are governed by the terms of the Protective Order in this case; and (c) shall not disclose or produce "Confidential" documents unless (i) the subpoenaed party receives written permission from the designating party, or (ii) the designating party fails to file a motion to protect disclosure of such documents within 14 days of actual receipt of the ten day notice described above.

9. If "Confidential" documents produced in accordance with the Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of counsel of record, and, without prejudice to other rights and remedies of the party that

produced the documents, shall make every reasonable effort to prevent any further disclosure by it or by the person(s) who received such documents.

10. This Protective Order shall not restrict disclosure of "Confidential" documents to this Court, its personnel, or any appellate court or federal district court in accordance with this paragraph. All unredacted "Confidential" materials (including depositions as applicable) shall be filed in sealed envelopes or other appropriately sealed containers on which shall be recorded the title of this action, the general nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

> **FILED UNDER SEAL: This envelope, filed in this case by (party), contains confidential documents covered by a judicial Protective Order. This envelope is not to be opened by, nor the contents hereof revealed to, anyone except the Court and thereafter resealed.**

Where filing is electronic filing is required of materials otherwise subject to this Protective Order, the parties shall confer prior to such filing to agree to appropriate and required procedures.

11. This Protective Order shall be without prejudice to the right of any party to this action to bring before the Court at any time the question of whether any particular information is or is not "Confidential." This includes the ability to question whether a document filed under seal was appropriately designated "Confidential," and if agreement by the parties cannot be reached as to

categorization, the objecting party may apply to the Court for an order redesignating such documents, and, if applicable, unsealing such documents. The designating party shall have the burden of sustaining the designation.

12. Upon final adjudication of this Proceeding, unless otherwise agreed to in writing by an attorney for the producing party, any party that has received documents designated as "Confidential" shall destroy such documents. Such attorney shall, in addition, obtain the return of copies of such documents including all summaries, compilations and related materials reflecting information contained in such Confidential documents from any individual(s) or organization(s) who have received copies or have been given access to such Confidential documents, and shall destroy the same. 13. The terms of this Protective Order shall survive and remain in full force and effect after the termination of the Proceeding.

SO ORDERED.

DATED this 11th day of June, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT COURT

PROTECTIVE ORDER - PAGE 9

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

# EXHIBIT A

# AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

1. The undersigned has read the foregoing Stipulated Protective Order (the "Protective Order") signed by the parties thereto and entered by this Court in *T&D Dairy, LLC, a Washington Limited Liability Company, Tom Van Ruiten and Donna Van Ruiten, husband and wife, Plaintiffs, v. PacifiCorp, d/b/a Pacific Power, a foreign corporation, Defendants*, in the United States District Court for the Eastern District of Washington. I understand its contents, and hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the use of any document designated "Confidential" (as defined in the Protective Order), and any information contained therein.

2. I understand that I am to retain all copies of any of the materials that I receive that have been designated as confidential in a container, cabinet, drawer, room, secure computer or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned

responsibilities in this case. I will then return all confidential documents and things that come into my possession and that I have prepared relating to such documents and things, to counsel for the party by whom I am retained or engaged. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the protective order.

3. The undersigned agrees to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms and conditions of the Protective Order.

_____        _____
Date                                                              Name (Print or type)

                                                              _____
                                                              Signature

                                                              _____
                                                              Company (if applicable)

# EXHIBIT B

# AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

1. The undersigned, as an authorized representative of the organization specified below and on behalf of myself and its employees, representatives and agents, have read the foregoing Stipulated Protective Order (the "Protective Order") signed by the parties thereto and entered by this Court in *T&D Dairy, LLC, a Washington Limited Liability Company, Tom Van Ruiten and Donna Van Ruiten, husband and wife, Plaintiffs, v. PacifiCorp, d/b/a Pacific Power, a foreign corporation, Defendants,* in the United States District Court for the Eastern District of Washington, understand its contents, and hereby undertakes and agrees that its terms including, without limitation, those terms regarding the use of any document designated "Confidential" (as defined in the Protective Order), and any information contained therein, apply to the organization and its employees, representatives, and agents, and that the organization shall take responsibility for any violations of the Protective Order by any of

its employees, representatives, and agents who receive such documents.

2. On behalf of myself and the organization, its employees, representatives and agents, I understand that the organization is to retain all copies of any of the materials that it receives that have been designated as confidential in a container, cabinet, drawer, room, secure computer or other safe place in a manner consistent with the Protective Order and that all copies are to remain in the organization's custody until it has completed its assigned responsibilities in this case. The organization will then return all confidential documents and things that come into its possession and that it has prepared relating to such documents and things, to counsel for the party by whom the organization is retained or engaged. I acknowledge on behalf of myself, the organization and its employees, representatives and agents that such return or the subsequent destruction of such materials shall not relieve me, the organization, or its employees, representatives or agents from any of the continuing obligations imposed on me by the Protective Order.

3. The organization further agrees to submit to the jurisdiction of the United States District Court for the Eastern District of Washington, for the purpose of enforcing the terms and conditions of the Protective Order.

_____   _____
Date                                                          Name (Print or type)

                                                                 _____
                                                                 Signature

                                                                 _____
                                                                 Organization/Company (Print or type)